Gilberto GERENA–VALENTIN, et al., Plaintiffs,

v.

Edward I. KOCH, et al., Defendants.

No. 81 Civ. 5468 (RLC).

United States District Court, S. D. New York.

Sept. 17, 1981.

Puerto Rican Legal Defense & Education Fund Inc., New York City, for plaintiffs; Cesar A. Perales, Kenneth Kimerling, Gabe Kaimowitz, New York City, of counsel.

Robert Abrams, Atty. Gen., New York City, for Bd. of Election defendants.

John S. Martin, Jr., U. S. Atty., New York City, for Dept. of Justice; William Hibsher, Asst. U. S. Atty., New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for City defendants; Patrick F. X. Mulhearn, New York City, of counsel.

Paul A. Victor, New York City, for defendant Stanley Friedman.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff moved for a preliminary injunction against the holding of all councilmanic elections and to replace Gerena-Valentin's name on the Democratic primary ballot. The basis for plaintiffs' suit is the Voting Rights Act of 1965, 42 U.S.C. § 1973 *et seq.*, and portions of the Civil Rights Act, 42

U.S.C. §§ 1983, 1985(1). The claims under Section 5 of the Voting Rights Act have already been presented to and decided by a three-judge panel. Only the civil rights claims and a claim under Section 4(e) of the Voting Rights Act remain before me.

The essence of plaintiffs' remaining claims is two fold: first, that the defendants retaliated against Gerena-Valentin's for his objections to the redistricting plan by having him removed from the ballot, and second, that defendants have failed to provide bilingual aid in the petition process thereby effectively depriving Hispanic citizens of the right to vote. A hearing before me was held on September 9, 1981. At the hearing, the plaintiff failed to substantiate the allegations in the complaint. As to plaintiff's claim of retaliation, it appears that the defendants had ample grounds to challenge the validity of the signatures on plaintiffs' petition. The Board of Election requires 1500 valid signatures before placing a candidate for councilman on the ballot. An impartial referee determined that 4,616 out of 5,860 signatures on plaintiffs' petition were invalid, necessitating plaintiffs' removal from the ballot. Having recommended that the petitions be struck because of an insufficient number of valid signatures, the referee did not make a specific finding of election fraud but did find facts which could lead to that conclusion. Since then, plaintiffs have never contended that the contested signatures were in fact valid. Moreover, Mr. Gerena-Valentin was not the only candidate whose petitions were challenged by the Board of Elections. There is simply nothing to show that the Board of Elections acted vindictively other than plaintiffs' bare allegations.

Similarly, as to plaintiffs' second claim, there was no showing that the defendants failed to adequately provide bilingual assistance in the ballot petition process. Plaintiffs did not show that they made any efforts themselves to provide bilingual aid to voters or potential signators or to translate the petitions for the Board of Elections. The defendants have provided and will continue to provide bilingual aid

for voters at the polling places for all elections. Also, the Board of Elections has provided bilingual notices to all voters regarding registration and locations of polling places. Under the circumstances, I do not believe that plaintiffs have substantiated a case of discrimination. Defendants provide the essential services for the exercise of Hispanic voters' franchises. The failure to provide bilingual petitions does not by itself deprive the Hispanic community of their right to vote, particularly where as here the plaintiffs have not made any effort on their own to provide the bilingual aid they now request.

Accordingly, counts 2, 3, 4, 5 and 6 of the complaint are hereby dismissed.

SO ORDERED.