Gilberto GERENA–VALENTIN, et al., Plaintiffs,

v.

Edward I. KOCH, et al., Defendants.

No. 81 Civ. 5468 (KTD).

United States District Court, S.D. New York.

Jan. 10, 1983.

---

See also D.C., 523 F.Supp. 167 and 523 F.Supp. 176.

Puerto Rican Legal Defense & Education Fund, Inc., New York City, for plaintiffs; Cesar A. Perales, Gabe Kaimowitz, Juan Cartagena, New York City, of counsel.

Frederick A. O. Schwarz, Jr., Corp. Counsel, New York City, for City defendants; Judith A. Levitt, Susan R. Rosenberg, James F.X. Hiler, New York City, of counsel.

Paul A. Victor, New York City, for defendants Stanley Friedman and Stanley Schlein; Theodore Teah, Stanley K. Schlein, David H. Balsan, New York City, of counsel.

## MEMORANDUM

KEVIN THOMAS DUFFY, District Judge:

On September 2, 1981, plaintiff filed a complaint alleging violations of the Voting Rights Act, the Civil Rights Act, and the First and Fourteenth Amendments. Specifically, the plaintiff contended that many aspects of the defendants' election practices discriminated against Puerto Rican voters. The complaint included a cause of action under section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. This claim was consolidated with section 5 causes of action pending in previously filed complaints in *Herron v. Koch*, 523 F.Supp. 167 (E.D.N.Y.1981) (ERN) and *Andrews v. Koch*, 528 F.Supp. 246 (E.D.N.Y.1981) (ERN). Pursuant to 28 U.S.C. § 2284, a three judge panel, consisting of Circuit Judge Kearse, District Judge Neaher, and myself, was convened on September 8, 1981, to resolve these section 5 claims. That same day we ruled that the defendants in *Herron, Valentin,* and *Andrews* violated section 5. *Herron v. Koch,*

523 F.Supp. 167 (E.D.N.Y.1981) (per curiam). The New York City primary election scheduled for September 10, 1981, was enjoined from going forward until section 5 preclearance was obtained. *Id.*

The resolution of the section 5 claim left unresolved in the Southern District Counts Two, Three, Four, Five, and Six of the *Valentin* complaint. These Counts were dismissed by memorandum and order on September 17, 1981. 523 F.Supp. 176 (S.D. N.Y.1981) (KTD). The *Valentin* plaintiff moves herein for attorneys' fees only in connection with the section 5 claim. Defendants Schlein and Friedman cross move for attorneys' fees in connection with the dismissal of Counts Two through Six.

■ The threshold question in this case is whether the three judge panel or a single district judge should resolve the pending attorneys' fees' motions. Plaintiff suggests that the three judge panel should be reconvened. A three judge panel need only be convened, however, "when otherwise required by Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). It was undisputed that the section 5 claim in *Valentin, Andrews,* and *Herron* necessitated a district court of three judges. The statute further provides, however, that a single judge "may conduct all proceedings except the trial." It is both inefficient and unnecessary to reconvene the panel when both Judge Neaher and myself can dispose of the attorneys' fees' motions alone. Furthermore, it would be a waste of judicial efforts if Judge Neaher, Judge Kearse and I were forced to familiarize ourselves with each other's cases.

The disposition of attorneys fees motions in section 5 cases by one judge has been approved of in both *Bond v. White,* 508 F.2d 1397, 1400 (5th Cir.1975) (attorneys' fees motion arising under section 5 of the Voting Rights Act remanded to single judge) and *Mader v. Crowell,* 506 F.Supp. 484, 486 (M.D.Tenn.1981) (attorneys' fees motion arising under Voting Rights Act properly determined by single judge). In order to prevent the disparate results feared by the plaintiff, each case will be dealt with in its entirety: Judge Neaher will dispose of all motions pending in *Andrews* and *Herron,* and I will dispose of the motions pending in *Valentin.*

**1. Valentin's motion for attorneys fees.**

Plaintiff moves pursuant to section 14(e) of the Voting Rights Act, 42 U.S.C. §§ 1973 *l*(e), and 42 U.S.C. § 1988 for attorneys fees, costs and disbursements in connection with the prosecution of his section 5 claim.[1] The standard for the discretionary award under either statutory section is the same. *Riddell v. Nat'l Democratic Party,* 624 F.2d 539, 543 (5th Cir.1980); *Coalition to Preserve Houston v. Interim Board of Trustees of the Westheimer Independent School District,* 494 F.Supp. 738, 742 (S.D.Tex.1980). The prevailing party[2] "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *Connor v. Winter,* 519 F.Supp. 1337, 1342 (S.D.Miss. 1981). This rule is consistent with the laudatory purpose of legislated awards, "to encourage the bringing of meritorious civil

---

**1.** These statutes provide:
 42 U.S.C. § 1973*l*(e):
 (e) In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 42 U.S.C. § 1988:
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law

92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**2.** The defendants contest the plaintiff's status as a prevailing party. In light of the fact that the plaintiff's section 5 cause of action was upheld, I will assume for purposes of this motion that the plaintiff prevailed.

rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Kerr v. Quinn,* 692 F.2d 875 at 877 (2d Cir.1982).

In *Kerr,* the Second Circuit enunciated a two-step procedure for determining whether the motion for attorneys' fees by the prevailing party should be denied. Under the first step, it must be determined initially whether "plaintiff's claim was so strong on the merits and so likely to result in a substantial judgment that counsel in similar cases could be easily and readily retained." *Id.,* 692 F.2d at 878.[3] Only after this has been established is the district court free to move on to the second step and exercise its discretion and "deny counsel fees if it believes an award would work an injustice." *Id.*

 The first prong of the *Kerr* test is easily satisfied. New York City conceded that its election changes were governed by section 5, that preclearance was required, and that no preclearance was obtained. 523 F.Supp. at 173. The strength of the plaintiff's section 5 case cannot be doubted. The ability of plaintiff to obtain counsel on the basis of his claim also cannot be doubted. The *Herron* complaint, filed on June 16, 1981, and the *Andrews* complaint, filed on August 5, 1981, both contain the same allegations of section 5 violations. The *Valentin* complaint merely aped the model provided by *Herron* and *Andrews.* It appears, therefore, following the objective standard enunciated in *Kerr,* that the "likely response of the bar" to the merits of plaintiff's case, considering counsel had been obtained for the two pending cases, would have been a positive one. *Kerr,* 692 F.2d at 878.

The second step that must be taken before attorneys' fees properly may be denied requires examination of "all the circumstances . . . [to determine if] an award of such fees would work an injustice." *Id.* at 879. In the instant case, even though Val-

entin's section 5 claim was upheld, his complaint was filed with knowledge of these pending actions weeks after both *Herron* and *Andrews.* *See* Affidavit of Cesar A. Perales. It is unjust to allow the plaintiff, who throws his hat into a promising pending litigation, to collect attorneys' fees from the government agencies whose practices were already under fire. This injustice is magnified by plaintiff's complaint, which merely mimicked the section 5 allegations in *Herron* and *Andrews.*

The purpose of the legislated fee awards is to encourage private challenges to violations by governmental entities. *Staten v. Housing Authority of the City of Pittsburgh,* 638 F.2d 599, 601 (3d Cir.1980). This purpose will be abused and extended beyond its intended boundaries if Valentin, a late comer to this litigation and not a moving force behind the issuance of the injunction, need be compensated along with the catalysts. This exception to the *Piggie Park* rule has been recognized by the Fifth Circuit. In *Riddell,* the court cited special circumstances meriting the denial of attorneys' fees. For example, fees were denied "because, even though the plaintiffs received the benefits desired from their litigation, their efforts did not contribute to achieving those results. *See Bush v. Bays,* 463 F.Supp. 59, 66–67 (E.D.Va.1978)." *Riddell,* 624 F.2d at 544. It has been argued persuasively that it was not Valentin's efforts that resulted in the issuance of the injunction. Accordingly, an award of fees, costs, and disbursements in this case is unjust and will not be ordered.

2. Schlein and Friedman's cross motions for attorneys' fees.

 Defendants Schlein and Friedman move as prevailing parties, pursuant to 42 U.S.C. § 1988, for attorneys' fees, costs, and disbursements for their defense of Counts Two, Three, Four, Five and Six. A prevail-

---

**3.** *Kerr* equates a substantial judgment with a large monetary jury award. *Valentin* only sought equitable relief. The injunction issued, which granted plaintiff all the requested relief, constitutes a substantial judgment.

ing defendant,[4] however, may only recover attorneys' fees if the action was "unreasonable, frivolous, meritless or vexatious." *Carrion v. Yeshiva University,* 535 F.2d 722, 727 (2d Cir.1976); *Prate v. Freedman,* 583 F.2d 42, 45 (2d Cir.1978); *see Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

■ The dismissed Counts of the complaint upon which these defendants' motions are based alleged that the defendants failed to provide adequate bilingual assistance in violation of the Voting Rights Act (Count Two); retaliated against the plaintiff for challenging, under both the Voting Rights Act and the First amendment, the defendants' voting practices (Count Three); abridged the plaintiff's constitutional rights under color of state law in violation of 42 U.S.C. § 1983 (Count Four); conspired to remove plaintiff's name from the primary ballot in contravention of 42 U.S.C. § 1985(1) (Count Five), and lastly, violated the plaintiff's rights guaranteed by the First and Fourteenth amendments (Count Six). The moving defendants allege that these Counts "were baseless, without foundation and unsupported by a modicum of substantiating evidence." Defendants' Memorandum of Law in Support of Defendants' Application for Attorneys' Fees at 5. My memorandum and order dismissing these Counts did not include an explicit finding that Counts Two through Six were frivolous, unreasonable, vexatious or meritless. My decision, however, acknowledged the distinct possibility, created by the recommendation of the Special Referee, Supreme Court, Bronx County, that Valentin's election petitions were significantly tainted by fraud. Exhibit B, attached to Defendants' Notice of Motion. In fact, since the Referee issued his report, which was adopted by the Supreme Court, Bronx County,

plaintiff has not contended that the signatures on the petitions were validly obtained. Plaintiff's complaint, therefore, unreasonably alleged that Valentin's removal from the election ballot was retaliatory and vindictive. Furthermore, Valentin failed to proffer *any* support for *any* of his allegations in Counts Two through Six. This dearth of substantiating evidence justifies a determination that plaintiff's complaint was unreasonable and warrants an award of attorneys' fees to the defendants.

Attorneys' fees are awarded to prevailing defendants "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment v. E.E.O.C.,* 434 U.S. at 420, 98 S.Ct. at 699; *Woods v. New York,* 494 F.Supp. 201, 204 (S.D.N.Y.1980). *See Carrion v. Yeshiva University,* 535 F.2d at 727. There being no basis in law or fact for Counts Two through Six of the plaintiff's complaints, an award of attorneys' fees in favor of both Schlein [5] and Friedman is appropriate.

■ A question remains as to whether these defendants should recover fees for the time expended in both the defense of plaintiff's complaint and their defense of plaintiff's motion for attorneys' fees. Plaintiff persuasively argues that no fees for defendants' opposition to the instant motion should be awarded. Near the end of June 1982, plaintiff circulated a proposed judgment ordering attorney fees "from all defendants except to the extent that certain previously adjudicated claims have been dismissed, (see *Gerena-Valentin v. Koch,* 523 F.Supp. 176 (S.D.N.Y.1980) ...." Exhibit A, Defendants' Affidavit in Opposition. This judgment clearly excludes Schlein and Friedman from its scope. Plaintiff's instant motion for attorneys' fees was not filed until July 29, 1982, after the proposed judgment had been rejected. A logical assumption is that the instant motion was

---

4. These counts were dismissed by my September 17, 1981 memorandum and order. Therefore, it cannot be disputed that defendants Schlein and Friedman prevailed.

5. Schlein cannot recover fees for time he spent as a defendant in court or travelling to and from court. An award of attorney fees is not intended to unjustly enrich a *pro se* defendant. Schlein is entitled, however, to fees for time he expended in his capacity as a *pro se* lawyer.

**1022**

brought to obtain the same relief sought in the proposed judgment. It appears, however, that after this motion was filed, defendants Schlein and Friedman, who were on notice only a short time earlier that they were not included in a proposed judgment ordering fees, chose not to contact the plaintiff to clarify the scope of the motion. In fact, plaintiff states in his papers that he did not intend to include these defendants in his instant motion. Plaintiff's Response to Defendants' Application for Attorneys' Fees at 6. In light of the proposed judgment and the potential uncertainty in plaintiff's position, defendants' zealous efforts to defend the plaintiff's motion was unjustified. Accordingly, fees will only be awarded for efforts expended in the defense of the plaintiff's complaint. Plaintiff's cross motion for attorneys' fees expended to respond to the Schlein/Friedman motions is denied.

Settle order in accord with this memorandum on ten (10) days' notice within twenty (20) days of this memorandum.