Alan TAYLOR, individually and as representative of a class, Plaintiff,

v.

PRUDENTIAL–BACHE SECURITIES, INC., et al., Defendants.

Alan TAYLOR, for himself individually and as representative of a class, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.

Alan TAYLOR, for himself individually and as representative of a class, Plaintiff,

v.

Robert S. WALTERMAN, et al., Defendants.

Alan TAYLOR, for himself individually and as representative of a class, Plaintiff,

v.

SULLIVAN & CROMWELL, Defendant.

Nos. 83–CV–1103, 83–CV–1161, 83–CV–1537 and 84–CV–150.

United States District Court, N.D. New York.

Aug. 3, 1984.

Alan Taylor, pro se.

Sullivan & Cromwell, William H. Knull, Marvin Schwartz, Robert L. Weigel, New York City, Bond, Schoeneck & King, Thomas R. Smith, Syracuse, N.Y., for defendants.

## ORDER

MINER, District Judge.

The beleaguering saga of these and other Alan Taylor lawsuits provides distress-

ing evidence of the nature and magnitude of the abuse to which our legal system is susceptible. Through the initiation and perpetuation of his six lawsuits, *see Taylor v. Bache Group, et al.*, No. 81–CV–435 (N.D.N.Y.) (Miner, J.); *Taylor v. Prudential-Bache Securities, Inc., et al.*, No. 83–CV–1103 (N.D.N.Y.) (Miner, J.) (interlocutory appeal of order granting summary judgment to certain defendants dismissed, No. 84–7081 (2d Cir. July 19, 1984)); *Taylor v. The Prudential Insurance Co., et al.*, No. 83–CV–1161 (N.D.N.Y.) (Miner, J.) (order granting summary judgment dismissing action affirmed, No. 84–7081 (2d Cir. July 19, 1984)); *Taylor v. Walterman, et al.*, No. 83–CV–1537 (N.D.N.Y.) (Miner, J.) (interlocutory appeal of order quashing deposition subpoena dismissed; double costs and damages assessed, No. 84–6017 (2d Cir. July 19, 1984)); *Taylor v. Scully, et al.*, No. 84–CV–27 (N.D.N.Y.) (Munson, C.J.); *Taylor v. Sullivan & Cromwell*, No. 84–CV–150 (N.D.N.Y.) (Miner, J.), Mr. Taylor has managed to embody the paragon of harrassing and vexatious litigation to which the sanctions of Fed.R.Civ.P. 11 are directed. A recounting of the whole of Mr. Taylor's torturous legal escapades would serve no purpose other than to expand greatly an already voluminous and ever-burgeoning accumulation of papers in the files of both the Court and the parties. It is sufficient at this point to note simply that Mr. Taylor's irresponsible and inexcusable approach to the law, as demonstrated by his particularly eggregious and unjustified litigiousness, has wrought untold injury upon its victims: the defendants, who in these various lawsuits have been made to suffer needless expense running to many thousands of dollars; the Court, which has been drawn away from its already overburdened docket to expend vast sums of time and energy on Mr. Taylor's frivolous pursuits; and the legal system itself, of which Mr. Taylor is intent upon making a mockery. It is time to call a halt.

In the four above-captioned actions, the defendants have requested that sanctions pursuant to Fed.R.Civ.P. 11 be imposed upon Mr. Taylor in the form of attorneys' fees. Rule 11 provides, in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it *is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....* If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(emphasis added).

In actions 83–CV–1103 and 83–CV–1161, this Court granted defendants' application for fees on April 27, 1984. Defendants were directed to provide the Court with appropriate documentation for their fee request, *see New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983), and plaintiff was afforded time to submit any opposition he might have to the fee request. Those papers all are now before the Court. In actions 83–CV–1537 and 84–CV–150, the Court reserved decision after hearing oral argument with respect to defendants' motion for attorneys' fees on June 22, 1984. The Court has carefully reviewed the papers submitted with respect to that applica-

tion and concludes that defendants' motion must be granted. Accordingly, the amount to be awarded in each of the four actions must be determined.

The fees requested in these cases are enormous; their very size, however, is testimony to the extensive damage that has been inflicted by these reckless lawsuits. In actions 83–CV–1103 and 83–CV–1161, defendants request a total amount of $34,462.50 in fees and $7,316.76 in disbursements. That figure represents $30,000 for defendants' main counsel, Sullivan & Cromwell, and $4,462.50 for defendants' local counsel, Bond, Schoeneck & King. The disbursements requested reflect $6,685.11 on behalf of Sullivan & Cromwell and $631.65 on behalf of Bond, Schoeneck & King. In action 84–CV–150, a request is made for fees in the amount of $15,000 and disbursements of $51.20, all of which were incurred by Sullivan & Cromwell. In action 83–CV–1537, the fee request totals $30,847 plus $6,866.63 in disbursements. The $30,847 figure is broken down as follows: $25,000 represents services rendered by Sullivan & Cromwell while the balance of $5,847 represents the services of the North Carolina law firm of Fleming, Robinson, Bradshaw & Hinson, P.A., engaged as local counsel in the action prior to its transfer to this district. The disbursements are exclusively those of Sullivan & Cromwell.

■ Despite the relative infancy of Rule 11 sanctions, the cases imposing such sanctions in the form of attorneys' fees are legion. *E.g., Nemeroff v. Abelson,* 704 F.2d 652, 654 (2d Cir.1983); *Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981); *Andre v. Merrill Lynch Ready Assets Trust,* 97 F.R.D. 699, 702–03 (S.D.N.Y.1983); *see also Ellis v. Cassidy,* 625 F.2d 227, 231 (9th Cir.1980) (attorneys forced to defend themselves against frivolous claims entitled to fee award); *Gerena-Valentin v. Koch,* 554 F.Supp. 1017, 1021 n. 5 (S.D.N.Y.1983) (same); *see generally Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44

L.Ed.2d 141 (1975). The harassing, vexatious and oppressive conduct of these lawsuits by Mr. Taylor is self-evident, and the Court is persuaded beyond any doubt that sanctions here are entirely appropriate. Determination of the amount of the award, however, has posed some difficulty. Although counsel for defendants have provided the Court with detailed breakdowns of the hours expended, the method employed by them in the billing of clients is non-traditional in the sense that hourly rates are not established. Accordingly, the Court is simply unable to multiply the number of hours by the appropriate billing rate in order to derive a lodestar figure for the award. While the Court, itself, has considered selecting an appropriate rate, *see Polk v. New York State Department of Correctional Services,* 722 F.2d 23 (2d Cir.1983) (court may employ prevailing hourly rate of either district in which it sits or of attorney's home district), it concludes that in this case, a simple flat fee award is more easily and appropriately ascertained.

■ The quality of counsel's performance here has been exceedingly high. Indeed, the Court has been greatly aided in its consideration of these cases by counsel's unfailing ability to interject a valuable and balancing coherence to what seemed more often than not to be a wholly incomprehensible morass. From its own efforts at digesting and deciphering Mr. Taylor's voluminous pleadings and other papers, the Court is painfully aware precisely how time-consuming counsel's endeavors have been. Nonetheless, after careful review of the extensive time records submitted, the Court is of the opinion that the hours of work as detailed by counsel were perhaps somewhat in excess of what was necessary. Indeed, although Mr. Taylor's proclivity for a constant amendment of pleadings caused counsel repeatedly to renew and re-work its efforts, the Court is prepared to find that some of counsel's efforts were duplicative. While it appears that counsel's bottom-line request has taken into account the factors the Court is itself concerned with, and while the Court views the request as both a

realistic and reasonable one, it will nonetheless reduce the award substantially. *See Nemeroff v. Abelson,* 469 F.Supp. 630, 642 (S.D.N.Y.1979), *aff'd in part, rev'd in part and remanded,* 620 F.2d 339 (2d Cir.1980), *on remand,* 94 F.R.D. 136 (S.D.N.Y.1982), *aff'd,* 704 F.2d 652 (2d Cir.1983).

The Court is mindful of the dual purposes served by Fed.R.Civ.P. 11, *viz.,* both to discourage frivolous litigation and to compensate the victims of such abuse. The Court is mindful as well of the potentially devastating effect an award of the magnitude of that sought here may have on a pro se litigant. In arriving at what it considers to be a perhaps overly conservative award, the Court expresses its sincere hope that Mr. Taylor derives some edification from its message.

In cases 83–CV–1103 and 83–CV–1161, by far the most substantial and prolonged matters (approximately 375 hours expended), the Court awards defendants a total of $15,000 inclusive of disbursements, slightly less than one-half of the requested amount. In action 83–CV–1537, the Court also awards $15,000, again, slightly less than one-half of the requested amount. In action 84–CV–150, the Court awards a total of $5,000, approximately one-third of the amount requested. This action was not only of the shortest duration, involving less than one hundred hours, but Sullivan & Cromwell was performing services on behalf of itself as a defendant and so would not normally be remunerated at the rate it bills its clients.

The Court wishes to voice its great reluctance in rendering such awards in light of the attendant potentially chilling effect. After careful consideration, however, the Court is convinced that in this case, the balance weighs so overwhelmingly in favor of these defendants that such an award is not only justified, but necessary. Mr. Taylor must at last understand that the unfounded and vexatious course of conduct he has chosen to pursue cannot and will not be tolerated.

It is so Ordered.