Richard F. CAVALLARY, Plaintiff,

v.

LAKEWOOD SKY DIVING CENTER, Honorable Robert H. Doherty, Jr., J.S.C., and Keith O. Evans, Esq., Defendants.

No. 84 Civ. 3030–CSH.

United States District Court, S.D. New York.

Oct. 11, 1985.

Richard F. Cavallary, pro se.

Law Firm of William F. O'Connor, New York City, for defendant The Lakewood Sky Diving Center; Edward D. Lory, John D. Beche, of counsel.

Irwin I. Kimmelman, Atty. Gen. of N.J., Trenton, N.J., for defendant; Benjamin Clarke, Deputy Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge.

Plaintiff *pro se* Richard F. Cavallary brings this action, under 42 U.S.C. § 1983, claiming that defendants have denied him the right to trial by jury of a civil action in a New Jersey state court without due process of law. Cavallary also presses related state tort claims under this Court's diversity jurisdiction, 28 U.S.C. § 1332.

In the New Jersey action, Cavallary sued defendant, The Lakewood Skydiving Center ("Lakewood"), to recover for injuries allegedly sustained in a skydiving accident on August 1, 1982. Cavallary was represented in that action by defendant Keith O. Evans, Esq. The matter was assigned to defendant The Honorable Robert H. Doher-

ty, Jr., Judge of the Supreme Court of New Jersey.

All three defendants move to dismiss, or for summary judgment, on the claims against them. Plaintiff has filed no papers in response to the motions.

## I. *The Honorable Robert H. Doherty, Jr.*

In his complaint, plaintiff asserts that on or about March 12, 1984, Judge Doherty dismissed the New Jersey action. Plaintiff contends that in doing so, Judge Doherty failed to grant him a trial by jury and did "not provid[e] [Cavallary] with due process of law."

■ Judge Doherty's motion to dismiss the complaint against him on the ground that this Court lacks *in personam* jurisdiction over him, pursuant to F.R.Civ.P. 12(b)(2), is granted. Under F.R.Civ.P. 4(f), service of process on a non-New York domiciliary in this action may be effected only to the extent permitted by New York's long-arm statute. N.Y.C.P.L.R. § 302(a). In addition, the out-of-state defendant must have sufficient minimum contacts with New York such that this Court's exercise of jurisdiction over him would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), citing *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

It is undisputed that at all relevant times Judge Doherty lived and worked in New Jersey; that he has not transacted business in New York; that he owns no property here; and that he has committed no tortious act within the state. Although Cavallary as a New York resident was arguably "injured" by Judge Doherty's dismissal of his action, Cavallary filed that action in the New Jersey court and all proceedings in connection therewith, including the dismissal, took place in New Jersey.

I conclude that Judge Doherty lacks the minimum contacts with New York that are a prerequisite to this Court's exercise of *in personam* jurisdiction over him.

■ Even if this Court could assert *in personam* jurisdiction over Judge Doherty, the complaint against him would have to be dismissed as barred by the doctrine of judicial immunity, *see, Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), since this is a suit only for money damages and not injunctive relief, *cf., Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984), and Cavallary does not assert that Judge Doherty acted in the "clear absence of all jurisdiction," *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978).

Judge Doherty's motion to dismiss the claim against him is granted.

## II. *Keith O. Evans, Esq.*

■ Evans, counsel for Cavallary in the New Jersey action, moves for summary judgment on plaintiff's claim against him for legal malpractice. Plaintiff claims that Evans breached his agreement to provide plaintiff with adequate legal representation by "allowing and condoning the [New Jersey action] to be dismissed" and "by not claiming 'gross negligence' during [those] proceedings." (Complaint, Third Claim).

By affidavit, Evans explains the reasons why Cavallary's suit against Lakewood was dismissed by Judge Doherty. Lakewood had moved for summary judgment on the claims against it based on a waiver provision contained in the contract between Cavallary and Lakewood. That provision exempted Lakewood from all liability due to any injury Cavallary might suffer while participating in the skydiving instruction and jump, and further contained a covenant by Cavallary never to sue Lakewood on such a claim. Evans, on behalf of Cavallary, opposed the motion, arguing that the waiver should not be enforced on public policy grounds. Evans argued that the contract was one of adhesion; that it was the product of unequal bargaining positions between the parties, and that provisions exempting a party from liability for its own negligence are not favored in law. After oral argument on the motion, Judge Doherty dismissed the action.

In a letter to Cavallary dated March 15, 1984, Evans explained that Judge Doherty found that Cavallary voluntarily and knowingly signed the contract, including the waiver provision, and was bound thereby. He further informed Cavallary of his right to appeal the dismissal, but advised against doing so as he saw no meritorious basis for appeal.

On these uncontroverted facts, plaintiff's allegation that Evans permitted the action to be dismissed without objection simply cannot be sustained. Furthermore, even if Evans had argued that Lakewood had been "grossly" negligent, it would have made no difference to the outcome of the motion before Judge Doherty. Evans is entitled to summary judgment on the claim against him.

### III. *The Lakewood Skydiving Center*

■ Lakewood moves for summary judgment, pursuant to F.R.Civ.P. 56, on Cavallary's claim against it on the ground that it is barred by the doctrine of *res judicata.*

A comparison of the allegations against Lakewood in Cavallary's Amended Complaint in the New Jersey action and his allegations against Lakewood in the instant action reveal that the language is virtually identical and the claim is exactly the same. In both actions, Cavallary claimed that Lakewood was negligent in training him to skydive and in supervising his first jump. As noted, *supra,* Judge Doherty ruled that as a matter of law, Cavallary has waived his right to assert such a claim against Lakewood.

Thus a judgment adjudicating Cavallary's negligence claim against Lakewood was entered on the merits in the New Jersey action. As stated before, Cavallary was represented by counsel in that action. Since the claim and the parties are identical in that action and the instant action and since, on this record, the court sees no ground for questioning the validity of the New Jersey Court's judgment or its jurisdiction to enter that judgment, it must be given full faith and credit and preclusive effect in these federal proceedings. *Bottini v. Sadore Management Corp.,* 764 F.2d 116, 119 (2d Cir.1985); United States Constitution, Art. 4, § 1.

I grant Lakewood's motion for summary judgment on the claim against it.

### IV. *Motions for Costs and Attorneys' Fees*

Lakewood seeks judgment in its favor on its counterclaim for costs and attorneys' fees incurred in defending this action. Evans seeks an award of costs and attorney's fees incurred in defending this action, evidently pursuant to F.R.Civ.P. 11, on the ground that at least one of plaintiff's allegations against him was made "maliciously, with knowledge that it was false, and solely for the purpose of harassment." (Evans' brief in opposition at 4). Both motions are granted.

■ This is the second action Cavallary has filed against Lakewood despite the fact that Judge Doherty ruled he is contractually bound not to sue them. He has raised no new issues not already decided. It cannot be said that at the time Cavallary filed his complaint against Lakewood in the instant action, he had any reasonable belief that his claim was warranted by existing law, as required by F.R.Civ.P. 11. In these circumstances, an award of reasonable costs and attorneys' fees is within the court's discretion, pursuant to F.R.Civ.P. 11, to compensate Lakewood for again having to respond to these allegations.

■ As to Evans' application, I agree that on the undisputed facts, Cavallary had no reasonable belief, at the time he filed this complaint, that Evans in fact had permitted the New Jersey action to be dismissed without objections; nor that his alternative argument was warranted by existing law, as required by Rule 11.

I am inclined to the view that both motions would lie under the pre-1983 version of Rule 11, which conditioned the award of attorney's fees upon a showing of bad faith in the conduct of litigation. See Advisory Committee's Notes to 1983 amendments;

*Nemeroff v. Abelson,* 620 F.2d 339, 348–51 (2d Cir.1980). But the motions certainly are well founded under the 1983 amendments, which substitute the standard of "reasonableness in the circumstances," in the Advisory Committee's phrase.

Furthermore, present Rule 11 mandates the imposition of sanctions on the offending party, *see Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985).

■ I recognize that plaintiff appears *pro se.* But that does not render him immune to a Rule 11 application for costs and attorney's fees. The Advisory Committee wrote:

> "Amended Rule 11 continues to apply to anyone who signs a pleading, motion, or other paper. Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations. See *Haines v. Kerner,* 404 U.S. 519 [92 S.Ct. 594, 30 L.Ed.2d 652] (1972)."

I would not impose sanctions upon a *pro se* plaintiff who lacked the training to perceive legal inadequacies in his claim which counsel should have seen. But in the case at bar, plaintiff was told in no uncertain terms by the New Jersey court that his claim against Lakewood had no basis in law. As for plaintiff's suit against Evans, it is frivolous, and, I infer, spiteful.

Evans and counsel for defendant Lakewood are directed to file and serve, within twenty (20) days of the date of this order, appropriate affidavits giving the details of the expenses and fees it claims. These affidavits must be accompanied by copies of lawyers' time sheets and other appropriate proof. Within fourteen (14) days thereafter, Cavallary may file an affidavit and memorandum of law in opposition. Any disputes will be resolved in such further proceedings as may be appropriate.

The Clerk of the Court is directed to enter judgment in favor of all three defendants, dismissing the action with prejudice and with costs.

It is SO ORDERED.