**LAGERMAX LAGERHAUS UND SPEDITIONS–AKTIENGESELLSCHAFT,**
Plaintiff,

v.

**Richard I. BOROFF, ASL International Freight Consultants, Inc., ASL International Freight Forwarding Corp., International Freight Consultants, Inc., A.H. International Freight Forwarding Corp., Defendants.**

No. 85 Civ. 2995 (PKL).

United States District Court,
S.D. New York.

April 2, 1987.

Leichter & Bing, New York City (Henry O. Leichter, Thomas Kendricks, of counsel), for plaintiff.

Parker Chapin Flattau & Klimpl, New York City (Charles P. Greenman, Amos Alter, of counsel), for former defendant.

LEISURE, District Judge:

By order dated October 9, 1986, the Court granted defendant Angelika Halbig's

motion to dismiss the action against her under Fed.R.Civ.P. 12(h)(3). Halbig argued, contrary to the admissions contained in her Answer and Amended Answer, that there was no subject matter jurisdiction due to an absence of diversity of citizenship between the parties. Specifically, the Court found that defendant Halbig is a citizen of the Federal Republic of Germany and that plaintiff is an Austrian corporation with its principal place of business in Austria. Plaintiff now moves for sanctions against Halbig and her counsel pursuant to Fed.R.Civ.P. 11. Plaintiff contends that it has incurred unnecessary litigation expenses due to Halbig's failure to contest subject matter jurisdiction more than one year after admitting New Jersey citizenship in her Answer and Amended Answer.

■ Halbig's Answer and Amended Answer were filed *pro se*, although at the time of her motion to dismiss she had been represented by counsel for at least one year. There is clearly no basis for an award against Halbig's current counsel because neither he nor any member of his firm signed the pleadings containing the admissions of citizenship. Rule 11 "deals with the signing of particular papers in violation of the implicit certification invoked by the signature," and does not impose a continuing obligation. *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir. 1986). *See Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805 (2d Cir.1987).

■ As to plaintiff's motion against Halbig, the Court notes that the text of Rule 11 plainly contemplates awards against *pro se* litigants. In addition, the Notes of the Advisory Committee on Rules for the 1983 amendment of Rule 11 (hereinafter referred to as the "Advisory Committee Notes") state that sanctions may be assessed against "anyone who signs a pleading, motion, or other paper." U.S.C.S. Court Rules, Federal Rules of Civil Procedure, Rules 1–12 at 344 (Law.Co-op.1984). The Advisory Committee Notes state that "[a]lthough the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court

has sufficient discretion to take account of the special circumstances that often arise in pro se situations." *Id.*

Not surprisingly, then, there are recent examples of Rule 11 awards against *pro se* litigants. *See, e.g., Cavallary v. Lakewood Sky Diving Center,* 623 F.Supp. 242, 245–46 (S.D.N.Y.1985) (*pro se* plaintiff not immune from Rule 11); *Taylor v. Prudential-Bache Securities, Inc.,* 594 F.Supp. 226, 228–29 (N.D.N.Y.) ("oppressive" and "unfounded" conduct by *pro se* plaintiff), *aff'd,* 751 F.2d 371 (2d Cir.1984). However, *Cavallary, Taylor,* and other cases reviewed by the Court involved Rule 11 sanctions against *pro se plaintiffs* who had unfairly and repeatedly burdened represented defendants. In *Taylor,* the Court stated that "[t]hrough the initiation and perpetuation of his six lawsuits ... [plaintiff] has managed to embody the paragon of harassing and vexatious litigation to which the sanctions of Fed.R.Civ.P. 11 are directed." 594 F.Supp. at 227. *See also Cavallary,* 623 F.Supp at 246 (plaintiff's suit termed "frivolous" and "spiteful"). *Cf. Church v. Commissioner,* 810 F.2d 19, 20 (2d Cir.1987) (*pro se* petitioner subject to sanctions for "meritless" appeal); *Johnson v. United States,* 607 F.Supp. 347, 349 (E.D.Pa.1985) (*pro se* petitioners). The Court has found no case, and plaintiff has cited none, involving a Rule 11 award against a *pro se* defendant.

In this case, the Court must determine whether Halbig violated the Rule 11 standard as explained by the Court of Appeals for the Second Circuit, while taking account of the special circumstances presented by a *pro se* situation.

> [S]anctions shall be imposed ... when it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). As to the first prong of this standard, plaintiff has made no showing of any improper purpose served by the admissions contained in Halbig's Answer and Amended Answer. Moreover, it is logical to assume that, based on her self-interest, Halbig would have moved to dismiss the complaint at the earliest opportunity of which she was aware. Unlike the sanctioned *pro se* litigants in *Taylor* and *Cavallary,* Halbig was in court only because plaintiff brought an action against her.

The second part of the *Eastway* test has been held to require a *pro se* litigant to satisfy a standard of "reasonableness in the circumstances" or at least to harbor "any reasonable belief" that his claim was warranted. *Cavallary,* 623 F.Supp. at 245–46. *See also* Advisory Committee Notes, U.S.C.S. Court Rules at 344 (signer's conduct tested by what was reasonable to believe at time paper was submitted). In applying this standard to the instant case, the Court may properly consider Halbig's *pro se* status.

> [A] lay person—even one with expertise in an academic or professional field other than law—cannot fairly be expected to master, for purposes of a single lawsuit, all of the technical requirements for commencing and pursuing an action in federal court, or to appreciate every possible consequence of failure to comply with a particular rule or order.

*Nielsen v. Flower Hospital,* 639 F.Supp. 738, 746 n. 10 (S.D.N.Y.1986). *See also Cavallary,* 623 F.Supp. at 246 (sanctions inappropriate against *pro se* litigant who "lacked the training to perceive legal inade-

quacies"); *Johnson,* 607 F.Supp. at 349 (reasonableness standard modified by "any special circumstances of the *pro se* litigant"); *Taylor,* 594 F.Supp. at 229 (reluctance to impose sanctions due to potential "chilling effect" on *pro se* litigants). *Cf. Eastway Construction Corp. v. City of New York,* 637 F.Supp. 558, 573 (E.D.N.Y. 1986) ("nonspecialists" deserving of more leniency than attorneys with "great expertise"). *See generally Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*pro se* complaint held to "less stringent standards than formal pleadings drafted by lawyers").

■ In this case, plaintiff argues that Halbig's conduct fails to satisfy the objective standard under Rule 11. Plaintiff's Memorandum of Law in Support of Rule 11 Sanctions at 3. *See Oliveri,* 803 F.2d at 1275. Halbig's counsel responds that "[e]ven when attorneys, rather than *pro se* litigants, are involved, 'in imposing rule 11 sanctions, the court is to avoid hindsight and resolve all doubts in favor of the signer.'" Halbig's Memorandum of Law on Rule 11 Sanctions at 4. *See Oliveri,* 803 F.2d at 1275.[1]

■ In view of the preceding factors, the Court concludes that, resolving all doubts in her favor, and taking account of her *pro se* status, Halbig's conduct was not unreasonable in the circumstances. It would be unduly harsh to penalize Halbig for her failure to appreciate the consequences of the distinction between her foreign citizenship and her New Jersey domicile and residence. *See generally* 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, Moore's Federal Practice ¶ 0.74 (2d ed. 1986).[2] The Court notes that although

---

1. Plaintiff has alleged, based on a comparison of certain papers submitted by other defendants, that Halbig's Answer and Amended Answer were actually prepared by an attorney. Affidavit of Thomas Kendricks, Esq., submitted in opposition to defendant's motion to dismiss and sworn to on September 8, 1986, at 4–5. While this allegation merits consideration, there is nevertheless an insufficient basis to treat Halbig as a represented party for purposes of the instant motion.

2. "[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be *both* (1) a citizen of the United States, and (2) a domiciliary of that state." Moore's Federal Practice ¶ 0.74[1] (emphasis added). "Before one may become a citizen of a state, for purposes of diversity jurisdiction, he must be a citizen of the United States." *Id.* at ¶ 0.74[2.–1]. "An alien may reside for a long period or acquire domicile in a state without becoming naturalized and he will remain an alien for purposes of diversity jurisdiction." *Id.* "When the

plaintiff may suffer a hardship from the application of Fed.R.Cvi.P. 12(h)(3) due to the denial of sanctions, it is possible that the discovery obtained by plaintiff thus far may prove useful against the remaining defendants in this action and against Halbig in a potential action in another forum.

Accordingly, plaintiff's motion is denied.

SO ORDERED.

United States citizenship of a litigant is challenged, it will be necessary to show that he was born in a state or territory of the United States or has acquired citizenship through naturalization or otherwise." *Id.* An alien who has acquired domicile in a state or has resided for a long period in a state without becoming naturalized can be sued in federal court on the basis of alienage jurisdiction where the adverse party is a citizen of a state. *Id. See also id.* at ¶ 0.75[1.–2] (no federal jurisdiction simply because an alien is a party).