In re Robert K. MARCECA, Debtor.

**43 EAST 74TH ST. ASSOCIATES, Debtor-in-Possession, Benjamin S. Richman, Arthur Shulman and Irving Barr, Plaintiffs,**

v.

**Robert K. MARCECA, Defendant.**

**Bankruptcy No. 90 B20782.
No. 90 ADV. 6184.**

United States Bankruptcy Court,
S.D. New York.

July 29, 1991.

Paul R. Leverson, Cowan, Liebowitz & Latman, P.C., New York City, for plaintiffs.

Haythe & Curley, New York City, for debtor.

**DECISION ON MOTION FOR AN ORDER DISMISSING FIRST AND SECOND CLAIMS IN COMPLAINT**

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 7 debtor, Robert K. Marceca, has moved pursuant to Fed.R.Civ.P. 12(b)(6) and Bankruptcy Rule 7012 to dismiss the plaintiffs' adversary proceeding for failure to state a claim upon which relief can be granted. The plaintiffs filed a complaint to determine the nondischargeability of their claims against the debtor under 11 U.S.C. § 523(a)(4).

### Factual Background

On August 14, 1990, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debtor's schedules listed plaintiffs, Benjamin S. Richman, Arthur Shulman and Irving Barr as holders of disputed and contingent claims in the amount of $100,000.00. The plaintiffs' complaint alleges that Richman, Shulman and Barr are partners in a New York partnership known as 43 East 74th St. Associates (the "partnership"). Debtor, Marceca, is alleged to have been a former partner of the partnership.

The complaint alleges that the partnership owned a building located at 43 East 74th Street, New York, New York and that the debtor was responsible for managing the business of the building, maintaining the accounts of the partnership, accounting to the other partners and distributing the partners' respective shares of the income of the partnership during the period between 1984 and 1987.

The First Claim in the complaint asserts that the debtor "embezzled, misappropriated and converted to his own use and benefit approximately $230,000 of partnership funds." It is further alleged that the debtor agreed in May of 1988 to repay $222,826.00 of the partnership funds misappropriated by him. Accordingly, the debtor executed a promissory note to all the plaintiffs in the sum of $267,124.68, to cover principal and interest. He made 24 payments, totalling $111,580.56 and then defaulted on the balance. It is alleged that

the balance of $155,544.12, plus costs and reasonable attorney's fees, constitutes a nondischargeable claim pursuant to 11 U.S.C. § 523(a)(4) and (c).

The Second Claim in the complaint alleges that in 1985 plaintiff, Richman, entered into an agreement with the debtor, pursuant to which the debtor would pay a 6% commission or finder's fee to the extent Richman located investors who would supply real estate investment capital to the debtor. Richman claims that the debtor "embezzled, misappropriated and converted" commissions belonging to Richman in an amount in excess of $250,000.00 and that such claim should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (c). Additionally, punitive damages of $500,000.00 are also claimed.

### DISCUSSION

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable under Bankruptcy Rule 7012, on the ground that the complaint fails to state a claim upon which relief can be granted, the court must accept as true all of the well-pleaded facts alleged in the complaint. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985). The motion must be granted when it appears with certainty that no set of facts could be proven at trial which would entitle the plaintiff to any relief. *Conley v. Gibson, Id.; Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *In re Rudaw/Empirical Software Products, Ltd.*, 83 B.R. 241 (Bankr.S.D.N.Y.1988); *Trans World Airlines, Inc., et al. v. Texaco Inc. (In re Texaco Inc.)*, 81 B.R. 813 (Bankr.S.D.N.Y.1988). In the instant case, the plaintiffs reason that the facts set forth in the First Claim in their complaint would entitle them to relief under 11 U.S.C. § 523(a)(4).

### The First Claim

The debtor maintains that the plaintiffs do not state a cause of action because

a partner cannot be guilty of embezzling partnership property since each partner has an interest in partnership property and, therefore, cannot embezzle the partner's own property. This argument elides the thrust of 11 U.S.C. § 523(a)(4), which is not limited to the nondischargeable conduct of embezzlement and does not discharge an individual debtor from any debt—

> (4) for fraud or *defalcation* while acting in a fiduciary capacity, embezzlement, or larceny; (Emphasis added).

The First Claim in the complaint clearly alleges sufficient facts to support a claim for the debtor's defalcation while acting in a fiduciary capacity.

■ The debtor contends that no fiduciary capacity existed between the debtor and the plaintiffs because a partner is not a fiduciary with respect to other partners. This proposition is not the law in New York. Pursuant to the New York State Partnership Law (NYSPL) § 43 a fiduciary relationship exists, as follows:

**Partner accountable as a fiduciary**

1. Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

Thus, partners in a New York Partnership are deemed to act in a fiduciary relationship to each other within the meaning of 11 U.S.C. § 523(a)(4), with the result that a nondischargeable claim may be asserted by a partner against a debtor partner who is guilty of a defalcation with respect to partnership property. *In re Stone*, 90 B.R. 71 (Bankr.S.D.N.Y.1988), *aff'd* 94 B.R. 298 (S.D.N.Y.1988), *aff'd* 880 F.2d 1318 (2d Cir. 1989). Accordingly, the First Claim in the complaint states facts which, if proved, would entitle the plaintiffs to relief.

■ It is also argued by the debtor that even if the debtor's conduct violated 11 U.S.C. § 523(a)(4), a new dischargeable obligation arose when the parties entered into a settlement agreement. Where the underlying debt originated from the debtor's nondischargeable conduct, a subsequently breached settlement agreement does not convert the debt to a dischargeable contract claim because a debtor could simply nullify a nondischargeable claim by agreeing to settle it and then walking away from the settlement agreement with the assurance that the defaulted settlement would then be dischargeable. Subsequent unperformed settlement agreements do not convert nondischargeable debts into dischargeable debts. *Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983); *Arnold v. Employers Insurance of Wausau*, 465 F.2d 354 (10th Cir.1972).

### The Second Claim

■ The Second Claim in the complaint alleges that in 1985, plaintiff, Richman, entered into an agreement with the debtor whereby the debtor agreed to pay a 6% commission or finder's fee if Richman located investors who would supply real estate investment capital to the debtor. It is also alleged that the debtor promised to provide Richman with quarterly reports and accountings of any activity in connection with the properties subject to the partnership arrangement between the debtor and Richman relating to the properties sold to one of the investors. The Second Claim further alleges that the debtor concealed the sales of properties and the amounts for which they were sold, failed to provide Richman with accountings or reports of the debtor's dealings with respect to these properties and "embezzled, misappropriated and converted proceeds from the sale of one of the properties in excess of $250,-000." Accordingly, plaintiff, Richman, seeks to have his claim against the debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

The debtor moves to dismiss the Second Claim on the ground that it fails to allege the existence of a written agreement between the parties which was signed by the debtor. This position is bottomed on the theory that New York's statute of frauds requires contracts which provide for commissions or finder's fees to be in writing and signed by the party to be charged.

New York General Obligations Law § 5–701.

Pursuant to Fed.R.Civ.P. 8(c), the statute of frauds is an affirmative defense which should be separately pleaded. Additionally, Fed.R.Civ.P. 12(b) provides that every defense except those delineated in subsections (1) through (6) should be asserted in a responsive pleading, which is the answer in the instant case. Plaintiff Richman's failure to allege that the agreement referred to in the Second Claim is reflected in a writing signed by the debtor does not mean that the Second Claim may be dismissed on motion, and before the answer is filed, on the theory that it fails to state a claim upon which relief can be granted within the meaning of Fed.R.Civ.P. 12(b)(6). It cannot be said that plaintiff, Richman, can not prove any set of facts in support of his claim. Indeed, plaintiff, Richman, has submitted with his papers in opposition to the debtor's motion a written agreement dated July 3, 1985, signed by the debtor, which is offered as the agreement relief upon by Richman in the Second Claim. Thus, plaintiff, Richman, proposes to prove that the agreement described in the Second Claim is reflected in a writing and forms the basis for his claim, which he contends is nondischargeable under 11 U.S.C. § 523(a)(4). However, this court will not consider matters outside the complaint in the context of Fed.R.Civ.P. 12(b)(6).

In these circumstances, if the debtor reasonably believes that the statute of frauds is a valid defense to the Second Claim, he should plead this defense in his answer. A motion pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim is not the appropriate vehicle to raise this defense. The statute of frauds relates to the facts and not to the substance of the claim. If, within the framework of the complaint, evidence may be introduced, such as a written agreement upon which the claim is based, which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *See Sams v. United Food & Commercial Workers International Union,* 866 F.2d 1380 (11th Cir.1989) (complaint satisfied Rule 8(a) when, although it failed specifically to mention a written collective bargaining agreement, it was understood that the plaintiffs' claims were based on an alleged breach of that agreement). The statute of frauds defense raises an evidentiary matter which does not detract from the sufficiency of the claim alleged in the complaint. Under the "notice" theory of pleading it is immaterial whether a pleading states conclusions or evidentiary facts, as long as fair notice is given and the pleading is reasonably calculated under all the circumstances to apprise interested parties of the pendency of an action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Rand v. Perales,* 737 F.2d 257, 260 (2d Cir.1984); *Dioguardi v. Durning,* 139 F.2d 774 (2d Cir.1944).

In the instant case, it cannot be concluded from the face of the complaint that the agreement upon which plaintiff, Richman, relies is not in writing, as required by the statute of frauds. Accordingly, apart from the fact that plaintiff, Richman, submitted a copy of the written agreement with his answering papers on this motion, the complaint sufficiently asserts a claim against the debtor and affords him an opportunity to present any objections, including the statute of frauds defense.

The defense of failure to comply with the statute of frauds is an affirmative defense. Rule 8(c) of the F.R.Civ.P. requires that this defense be set forth affirmatively by a party pleading to a preceding pleading. In this case, the defendants were required to file an answer to the complaint in order to raise the defense of statute of frauds. *The motion to dismiss under Rule 12(b)(6) was improper.* (Emphasis added).

*Currier v. Knapp,* 442 F.2d 422, 423 (3rd Cir.1971).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The debtor's motion to dismiss the First and Second Claims in the complaint for failure to state a claim upon which relief can be granted, as expressed in Fed. R.Civ.P. 12(b)(6), is denied.

SETTLE ORDER on notice.