Thomas A. MARTIN, Appellant,

v.

Michael J. O'CONNER, Chapter 7 trustee; Key Bank of New York, N.A.; Elias Cadan; and John B. Warner, II; Appellees.

No. 97–CV–501 FJS.

United States District Court, N.D. New York.

Aug. 13, 1998.

Thomas A. Martin, Pittsboro, NC, appellant pro se.

Deily, Dautel & Mooney, LLP, Albany, NY, for Appellee Michael J. O'Conner; Susan S. Dautel, of counsel.

Philip J. Danaher, Albany, NY, for Appellees Elias Cadan and John B. Warner, II.

Keycorp Management Co., Albany, NY, for Appellee Key Bank of New York; Robert J. Qulia, of counsel.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff-appellant Thomas A. Martin appeals the October 8, 1996 Order of United States Bankruptcy Judge John J. Connelly granting summary judgment in adversary proceeding 95–CV–91272 to Defendant-appellees Michael J. Conner, Key Bank of New York, Elias Cadan, and John B. Warner II.

1. Thereafter, Martin began a series of convoluted claims and cross-claims which are more thor-

### Background

Plaintiff-appellant Thomas A. Martin and his affiliated corporations and partnership interests are involved in breeding, racing and selling thoroughbred horses. Martin is also the debtor in a bankruptcy action originally filed as a Chapter 11 reorganization in the Bankruptcy Court of the Northern District of New York on April 6, 1992. The underlying bankruptcy action was converted from a Chapter 11 reorganization to Chapter 7 liquidation on October 19, 1992 by order of the late Honorable Justin J. Mahoney upon a finding that Martin was fraudulently conveying assets of the bankruptcy estate.[1]

As stated, the present appeal concerns an adversary proceeding in which the bankruptcy court granted summary judgment to the Defendants Michael O'Conner, Key Bank of New York, Elias Cadan and John B. Warner who are the Chapter 7 trustee, a principal creditor, and two individuals hired by the estate to inventory, appraise and auction property of the Chapter 7 estate, respectively. The Complaint alleges seven causes of action asserting various repetitive claims of fraud, defamation, breach of fiduciary duty and general civil conspiracy. The Defendants moved to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on various grounds including lack of standing, failure to state a claim, res judicata, collateral estoppel, failure to plead with particularity, and statute of limitations. Upon the Plaintiff-appellant's request, the bankruptcy court converted the motion to one for summary judgment and considered the voluminous documents submitted by both sides. At oral argument, the bankruptcy court denied the Plaintiff-appellant's subsequent motion for more discovery and proceeded to decide the merits of the summary judgment motion. The court below granted the Defendants' summary judgment and dismissed the adversary complaint finding that the Plaintiff-appellant's claims were either barred by the statute of limitations, collateral estoppel, or a failure to plead with requisite particularity.

oughly set forth in the bankruptcy court's decision below.

Martin appeals the bankruptcy court's grant of summary judgment on his second through seventh causes of action on various grounds. He argues that: (1) the bankruptcy court erred by concluding that he did not have standing to bring the adversary proceeding; (2) the bankruptcy court abused its discretion by not permitting him to engage in further discovery; (3) the bankruptcy court clearly erred by relying on inadmissable evidence; i.e., accepting as fact the assertions of counsel for Key Bank set forth in an affidavit which was not based on the affiant's personal knowledge; (4) the bankruptcy court erred by not placing the burden of proof on the Defendants; (5) the court erred in applying collateral estoppel to the third, fourth and sixth causes of action; and (6) the court erred in applying Rule 9(b) of the Federal Rules of Civil Procedure to the second, third, fourth, and seventh causes of action.

### Discussion

■ The standard of review for bankruptcy appeals is set forth in Bankruptcy Rule 8013, which provides, inter alia, that findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R.Bankr.P. 8013. A finding is only clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mitchell,* 966 F.2d 92, 98 (2d Cir.1992). Moreover, while a bankruptcy court's legal conclusions are subject to a de novo review, matters of discretion are reviewed for "abuse of discretion." *See Capital Communications Fed. Credit Union v. Boodrow,* 126 F.3d 43, 47 (2d Cir. 1997). The Court will therefore apply these standard in reviewing each of the Plaintiff-appellant's arguments seriatim.

## I. STANDING

■ Plaintiff-appellant's first contention is that the bankruptcy court erred in concluding that he did not have standing to bring the adversary proceeding. The Court finds that although the court below did address the issue of standing, it made no dispositive ruling on the issue as it reached the merits of the Plaintiff-appellant's claims. *See Martin v. O'Connor,* 201 B.R. 338, 344 (Bankr. N.D.N.Y.1996). Accordingly, Plaintiff-appellant's first contention is moot.

## II. FURTHER DISCOVERY

After requesting that the Defendants' Rule 12 motion be converted into a Rule 56 motion for summary judgment, the Plaintiff-appellant requested further discovery from the Defendants in the form of depositions, which the court denied. (*See* Tr. of record on January 26, 1996 at 31–33.) Martin contends that the bankruptcy court abused its discretion by denying him further discovery because he needed to depose the Defendants to discover evidence of their conspiracy and fraud.

■ Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). The affidavit of the party invoking Rule 56(f) must specifically include: (1) the nature of the uncompleted discovery; (2) a showing of how the facts sought are reasonably expected to create genuine issues of material fact; (3) what efforts affiant has made to obtain those facts; and (4) an explanation of why those efforts were unsuccessful. *See Young v. Corbin,* 889 F.Supp. 582, 584 (N.D.N.Y.1995) (citing *Paddington Partners v. Bouchard,* 34 F.3d 1132 (2d Cir. 1994)).

■ In the present case, Martin presented the court with no cogent explanation of which specific facts he was attempting to obtain through discovery which would address the pleading deficiency of his claims or the applicability of issue preclusion. It is well within a trial court's discretion to deny a Rule 56(f) application which is supported only by speculative claims that further discovery

will provide the requisite evidence to flesh out deficient claims. *See Carney v. U.S. Dept. of Justice,* 19 F.3d 807, 813 (2d Cir. 1994); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 251 (2d Cir.1985) ("A bare allegation that evidence to support a fanciful allegation lies within the exclusive control of the defendants, and can be obtained only through discovery, is not sufficient to defeat a motion for summary judgment."). Accordingly, the Court finds that the court below did not abuse its discretion by refusing the Plaintiff-appellant's Rule 56(f) application for further discovery.

## III. KEY BANK AFFIDAVIT

Plaintiff-appellant argues that the bankruptcy court clearly erred by accepting as fact several assertions made by the counsel to Key Bank which the Plaintiff-appellant asserts were not based on the first hand knowledge of the affiant. Martin cites to three factual premises set forth in the court's decision which he argues were not based on any admissible evidence, including: (1) the bankruptcy court's statement that: "the issue of the purported conflict of interest was litigated before bankruptcy Judge Stosberg." *see Martin,* 201 B.R. at 345, (2) a later statement stating: "[s]o, prior to the issuance of Judge Stosberg's decision rendered on December 20, 1994, Martin was fully aware of any purported conflict or bias with respect to both Cadan and Warner," *see id.* at 346, and (3) a final statement stating: "[f]urthermore, this claim relates to the disposition of Martin's personal property which was litigated at the trial held by Judge Stosberg." *See id.*

■ The Court has reviewed these findings by the court below and finds nothing to support the Plaintiff-appellant's claim that the court relied on inadmissible evidence. The court had transcripts from Judge Stosberg's prior proceeding to rely on for its findings and is entitled on summary judgment to take judicial notice of such adjudicative facts. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corporation,* 605 F.2d 1169, 1171 (10th Cir.1979). Accordingly, the Court finds that the Court's

actions in this regard were not clearly erroneous.

## IV. BURDEN OF PROOF

■ Plaintiff-appellant argues that the court below applied the summary judgment standard erroneously because it did not place the burden of proof on the Defendant. This argument merits little discussion. The burden proof for summary judgment rests on the same party it would rest on at trial, in this case the Plaintiff. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Although the court must resolve all reasonable doubts about the facts in favor of the non-moving party, *see Pocchia v. NYNEX Corp.,* 81 F.3d 275, 277 (2d Cir.1996), the party with the burden of proof at trial must establish the existence of a material issue of fact on each element of each cause of action. *See* Fed.R.Civ.P. 56(c); *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. In this case, the Defendant's burden as the moving party is to show that there is no evidence to support an essential element of the Plaintiff's claims, the Defendant is not required to introduce evidence which negates each and every element of the Plaintiff's claim. *See Celotex,* 477 U.S. at 323, 325, 106 S.Ct. 2548. Thus, the Court finds that the court below applied the correct summary judgment standard in resolving the Defendant's summary judgment motion.

## V. PLAINTIFF–APPELLANT'S SECOND CAUSE OF ACTION

Plaintiff-appellant's second cause of action was brought against Defendants O'Conner and Key Bank, and alleges that Defendant Key Bank, with knowledge of O'Conner, made defamatory allegations about Martin to the Federal Bureau of Investigation ("FBI"). The claim further alleges that to the extent that Defendant O'Conner allowed Key Bank to do so, he breached his fiduciary duty to the estate. The bankruptcy court found that this claim failed to rise above conclusory allegations. The bankruptcy court dismissed the claim because to the extent it alleged a claim for defamation it did not set forth the particular defamatory statements as required by N.Y.C.P.L.R. 3016(a) and to the extent it

pleaded a fraud claim it did not comply with the pleading requirements of N.Y.C.P.L.R. 3016(b) and Fed.R.Civ.P. 9(b).

■ Plaintiff-appellant argues on appeal that the bankruptcy court erred in dismissing the second cause of action because the materials he has submitted should have been sufficient to create a material issue of fact. The Plaintiff-appellant submitted two documents to support his second cause of action; (1) a letter from himself to Roger M. Clancy, a supervisory Special Agent in the FBI inquiring about a possible FBI investigation targeting Martin for fraudulent insurance claims, and (2) a letter from Mr. Clancy to Martin confirming Martin's Freedom of Information Act request and indicating the existence of a file on Martin in the Albany FBI office.

The Court finds that this production of evidence by the Plaintiff-appellant is patently deficient to satisfy his summary judgment burden. There can be no reasonable or even remote inference based on these two documents which could satisfy the elements of a defamation, fraud or breach of fiduciary duty claim. Accordingly, the court finds that the bankruptcy court did not err in dismissing the Plaintiff-appellant's second cause of action.

## VI.  PLAINTIFF–APPELLANT'S THIRD CAUSE OF ACTION

■ Plaintiff-appellant's third cause of action alleges that Defendants O'Conner, Key Bank, Cadan and Warner conspired together to defraud the estate. The claim alleges that Cadan and Warner who were hired by the estate to inventory, appraise, and auction property of the estate gave perjurious testimony in prior proceedings and had a prohibited conflict of interest in that Cadan had at one time been hired by Key Bank, a creditor of the Estate.

The bankruptcy court found that the issue of whether Cadan and Warner had a prohibited conflict of interest had already been litigated in a prior proceeding in front of Judge Stosberg as part of the adversary proceeding brought against Martin and was barred from being raised again pursuant to

the doctrine of collateral estoppel. Furthermore, the bankruptcy court found that Cadan had disclosed to Martin in a letter dated December 8, 1994 that Key Bank had retained him to conduct an appraisal. (prior to the adversary proceeding in front of Judge Stosberg.) Additionally, the Court found that to the extent that the third cause of action alleged a separate cause of action for fraud, that the Plaintiff-appellant had not met the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Martin contends on appeal that issue preclusion cannot apply because the precise issue involved in this claim was not litigated in a prior proceeding.[2] After reviewing, the record the Court finds the bankruptcy court's findings of fact on Martin's third cause of action were not clearly erroneous. Moreover, the application of collateral estoppel and Fed.R.Civ.P. 9(b) to Plaintiff-appellant's third cause of action was not erroneous. Finally, this Court would add that even if an articulatable claim was pleaded in the third cause of action, Plaintiff-appellant has presented no evidence which would raise a material issue of fact as to the existence of such a claim.

## VII.  PLAINTIFF–APPELLANT'S FOURTH CAUSE OF ACTION

■ Plaintiff-appellant's fourth cause of action relates to the seizure, inventory and disposition of Martin's personal property upon Order of the bankruptcy court by Key Bank pursuant to a security interest held in the property. The fourth cause of action alleges that this action was illegal and done to defraud the Plaintiff-appellant upon the direction of the trustee, and in direct breach of his fiduciary duty to the estate.

The bankruptcy court dismissed this cause of action as vague, conclusory, and unsubstantiated by any factual evidence. The court also found the cause of action to be deficient under Rule 9(b) and barred by collateral estoppel as the legality of the transfer of the personal property had already been fully litigated before Judge Stosberg.

2.  In addition to a series of other incomprehensi-

ble objections to the bankruptcy court's decision.

Martin argues on appeal that the bankruptcy court erred in interpreting his claim as relating to the sale of his personal property when in fact his claim is based on the performance and conduct of Defendant O'Conner as trustee. However, this argument presupposes that Martin has successfully made out a claim for breach of fiduciary duty. The bankruptcy court was correct in finding that the correctness, legality, and factual underpinnings of the transfer and sale of Martin's personal property were heavily litigated in the prior adversary proceeding in front of Judge Stosberg. Even though the Plaintiff-appellant may not like the outcome, he may not relitigate those claims in this action. To the extent that the Plaintiff-appellant seeks to clothe his objections to the transfer and sale such property in the form of a breach of fiduciary duty claim against O'Conner, Plaintiff-appellant has not fulfilled his summary judgment burden of at least establishing a material issue of fact as to whether the judicially-approved sale was illegal and/or attributable to O'Conner. As such the bankruptcy court did not err in dismissing his fourth cause of action.

## VIII. PLAINTIFF–APPELLANT'S FIFTH CAUSE OF ACTION

Martin's fifth cause of action alleges breach of fiduciary duty on the part of Defendant O'Conner for his legal opposition to Martin's motion seeking Fed.R.Bankr.2004 examinations. The bankruptcy court ruled that this claim was rendered moot by the Trustee's later consent to the Debtor's Rule 2004 examination of the trustee himself.

Martin argues on appeal that his fourth cause of action also alleges a claim for obstruction of justice based on the trustee's legal objection to the examinations of Cadan and Warner, which was not addressed by the court. Accordingly, Martin contends that the bankruptcy court erred in dismissing this cause of action.

Martin's attempt to redefine his claim is of no avail. The court can find no precedent establishing a private civil right of action for obstruction of justice, except under the obviously inapplicable 42 U.S.C. § 1985(2). Moreover, to the extent that

Martin's fifth cause of action alleges that O'Conner breached his fiduciary duty to the estate by objecting to Martins Rule 2004 requests, Martin has failed to establish a material issue of fact that such opposition, which was validated by the court, *see Martin v. Schaap Moving Systems, Inc.*, 208 B.R. 807 (N.D.N.Y.), *aff'd*, 97–5042, 1998 WL 405966 (2d Cir. Apr. 24, 1998), was a breach of O'Conner's duty to the estate in light of the fact that such examinations would necessarily incur additional unnecessary litigation expense for the estate. As such, Martin's fifth cause of action fails to state a claim, and the bankruptcy court correctly dismissed it.

## IX. PLAINTIFF–APPELLANT'S SIXTH CAUSE OF ACTION

Martin's sixth cause of action challenges the sale of the Debtor's interest in a pending state court proceeding by the estate to Key Bank, a principal creditor. The sixth cause of action alleges that this conveyance, which was judicially approved by the bankruptcy court, was an unlawful and invalid conspiratorial act undertaken by O'Conner and Key Bank to defraud the estate.

The bankruptcy court dismissed the sixth cause of action on collateral estoppel grounds. The bankruptcy court found that: (1) the Trustee properly noticed the sale of the debtor's interest in the state court action; (2) Martin was not statutorily required to receive notice of the sale; (3) Martin's counsel did in fact receive notice of the sale; and (4) that Martin and his attorney were physically present at the sale. The court also found that Judge Mahoney approved the sale and that Martin had ample opportunity to object at that hearing and, if dissatisfied, appeal that order, which the Plaintiff-appellant did not. Accordingly, bankruptcy court found that the validity of the sale could not be challenged on collateral estoppel grounds, and thus Plaintiff-appellant's fraud claim based thereon must fail as well.

The Plaintiff-appellant argues that the bankruptcy court erred by granting summary judgment to the Defendants because the Plaintiff-appellant has presented evidence which establish a material issue of fact

as to whether the debtor received notice of the sale. This objection lacks merit. The debtor did in fact receive notice of the sale because he was present at the sale. He failed to object to the sale or appeal the judicial approval of the sale. Thus, the principles of collateral estoppel and finality bar the relitigation of the issue. Consequently, the Plaintiff-appellant has failed to establish a material issue of fact as to the existence of his fraud-based sixth cause of action.

## X. PLAINTIFF–APPELLANT'S SEVENTH CAUSE OF ACTION

■ The Seventh cause of action alleges in broad and conclusory terms that all of the Defendants conspired and aided and abetted the defrauding of the estate. The court below dismissed this final cause of action based on the Plaintiff-appellant's failure to present any factual basis which would establish this claim, and for failure to plead the claim with sufficient particularity.

Martin objects to the court's dismissal of the seventh cause of action by again referring to his mistaken impression that the summary judgment burden is on the Defendants. As we have previously stated, Plaintiff bears the burden of establishing a material issue of fact on each and every element of each of his claims. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. The court below was correct in concluding that the Plaintiff-appellant has failed to do so, and accordingly, properly dismissed the Plaintiff-appellant's seventh cause of action.

### Conclusion

Having reviewed the entire record on appeal, the arguments of the parties, and the applicable legal standards, it is hereby

ORDERED that the Memorandum–Decision Order entered by United States Bankruptcy Judge John J. Connelly in this matter on October 8, 1996 is AFFIRMED and the Plaintiff-appellant's appeal is DISMISSED. **IT IS SO ORDERED.**